IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| DANNY O'NEAL THOMPSON, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | Cv. No. 2:16-cv-02190-JPM-dkv |
| v. | ) | Cr. No. 2:12-20302-JPM-1 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255,
DENYING CERTIFICATE OF APPEALABILITY,
CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Before the Court is a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion") filed by Movant, Danny O'Neal Thompson, Bureau of Prisons register number 25582-076, who is currently incarcerated at the Federal Correctional Institution in Danbury, Connecticut. (§ 2255 Mot., *Thompson v. United States*, No. 2:16-cv-02190-JPM-dkv (W.D. Tenn.), ECF No. 1.) For the reasons stated below, the Court DENIES the § 2255 Motion.

I.  **PROCEDURAL HISTORY**

A.  **Criminal Case Number 12-20302**

On November 14, 2012, a federal grand jury returned a single-count indictment charging that, on or about September 29, 2011, Thompson knowingly and intentionally possessed with the intent to distribute and did distribute less than twenty-eight grams of a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 841(a)(1).

(Indictment, *United States v. Thompson*, No. 2:12-cr-20302-JPM-1 (W.D. Tenn.), ECF No. 1.)

The factual basis for the charges is stated in the amended presentence report ("Amended PSR"):

> **The Offense Conduct**
>
> 9. According to the investigative file, on September 29, 2011, a Confidential Source (CS) working under the direction of the Lauderdale County Sheriff's Department conducted a controlled purchase of crack cocaine from the defendant, **Danny O'Neal Thompson**. The CS contacted **Thompson** and requested to purchase crack cocaine. **Thompson** instructed the CS to meet him at the Gates Apartments, 614 Huntington St., Gates, Tennessee (Lauderdale County), and he would make the delivery of the crack cocaine at that location. As **Thompson** and the CS arrived at the location, **Thompson** sold the CS **2.41 grams (TNW) of crack cocaine** for $150. The transaction was conducted under video and audio surveillance.

(Am. PSR ¶ 9.)

Pursuant to a written plea agreement, Thompson appeared before the Court on June 5, 2013, to plead guilty to Count One of the Indictment. (Min. Entry, *United States v. Thompson*, No. 2:12-cr-20302-JPM-1 (W.D. Tenn.), ECF No. 35; Plea Agreement, *id.*, ECF No. 38.) On January 30, 2014, the Court held a hearing and accepted Thompson's motion to withdraw his guilty plea. (Min. Entry, *id.*, ECF No. 60; Order, *id.*, ECF No. 61.)

A three-day jury trial commenced on March 24, 2014, and concluded on March 26, 2014. (Min. Entries, *id.*, ECF Nos. 78, 83, 86.) The jury returned a guilty verdict on March 26, 2014. (Jury Verdict, *id.*, ECF No. 87; *see also* Min. Entry, *id.*, ECF No. 86.)

At a hearing on April 30, 2014, the Court sentenced Thompson as a career offender to a term of imprisonment of 210 months, to be followed by a six-year period of supervised release. (Min. Entry, *id.*, ECF No. 97.)[1] Judgment was entered on the same day. (J. in a Criminal Case,

---

[1] The 2013 edition of the *Guidelines Manual* was used to calculate Thompson's sentencing range. (Am. PSR ¶ 14.) Pursuant to § 2D1.1 of the United States Sentencing Guidelines ("U.S.S.G."), the base offense level for possession with the intent distribute and

*id.*, ECF No. 98.) The United States Court of Appeals for the Sixth Circuit affirmed Thompson's conviction on February 26, 2015. *United States v. Thompson*, 593 F. App'x 543 (6th Cir. 2015) (per curiam).

B.     **Case Number 16-2190**

On March 25, 2016, Thompson filed a *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"). (§ 2255 Mot., *Thompson v. United States*, No. 2:16-cv-02190-JPM-dkv (W.D. Tenn.), ECF No. 1.) This motion presents the following issue: "In light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), petitioner is incorrectly classified as a career offender." (*Id.* at 5.)

II.    **THE LEGAL STANDARDS**

Pursuant to 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Short v. United*

---

distribution is 14 when the offense involved at least 1.4 grams but less than 2.8 grams of cocaine base. (*Id.* ¶ 15.) Thompson did not receive any reduction for acceptance of responsibility because he had withdrawn his guilty plea (*id.* ¶¶ 13, 22), resulting in an adjusted offense level of 14 (*see id.* ¶ 20). Given his criminal history category of V, the guideline sentencing range ordinarily would have been 33-41 months. (*2013 Guidelines Manual*, Ch. 5, part A – Sentencing Table; Am. PSR ¶ 36.)

Because of his prior convictions for controlled substance offenses and a violent felony, however, Thompson was sentenced as a career offender pursuant to U.S.S.G. § 4B1.1. Thus, pursuant to U.S.S.G. § 4B1.1, the total offense level was 34 and the criminal history category was VI. (*Id.* ¶¶ 21, 23, 37.) The guideline sentencing range was 262-327 months. (*Id.* ¶ 75.)

*States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)). After a § 2255 motion is filed, it is reviewed by the Court and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts ("§ 2255 Rules").

### III. ANALYSIS

Thompson asserts that the Supreme Court's ruling in *Johnson v. United States* invalidates the predicate offenses used to classify him as a career offender and, therefore, his sentence is improperly calculated. (§ 2255 Mot. at 5, *Thompson v. United States*, No. 2:16-cv-02190-JPM-dkv (W.D. Tenn.), ECF No. 1.) Thompson's reliance on *Johnson* is misplaced because *Johnson* has no bearing on his sentence. Regardless of whether Thompson's 2002 conviction for felony evading arrest remains an eligible conviction for sentencing enhancement, Thompson has four predicate convictions based on controlled substance offenses that are unaffected by *Johnson*. The Court need not determine, therefore, whether *Johnson* applies retroactively on collateral review to render the residual clause of U.S.S.G. § 4B1.2(a) unconstitutionally vague. Accordingly, Thompson's motion lacks merit and is denied.

#### A. *Johnson v. United States*

The ACCA provides that:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

18 U.S.C. § 924(e)(1).

Under U.S.S.G. § 4B1.1(a):

A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

"Violent felony" is defined by both the ACCA and U.S.S.G. § 4B1.2(a) as a felony "that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B); U.S.S.G. § 4B1.2(a). A "controlled substance offense" is defined under U.S.S.G. § 4B1.2(b) as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense."

The Supreme Court held in *Johnson* that the residual clause of the ACCA, encompassing all felonies that "involve[] conduct that presents a serious potential risk of physical injury to another," 18 U.S.C. § 924(e)(2)(B), was unconstitutionally vague and that the application of the residual clause to increase a sentence violated the Due Process Clause. 135 S. Ct. 2551, 2557 (2015). The *Johnson* decision applies only to the residual clause and "does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id.* at 2563. The Supreme Court did not address whether its decision invalidated the parallel residual clause in the Sentencing Guidelines.

The Supreme Court has made *Johnson*'s rule retroactive to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1265 (Apr. 18, 2016) ("*Johnson* is thus a substantive

decision and so has retroactive effect . . . ."); *see also In re Watkins*, 810 F.3d 375, 384 (6th Cir. 2015) (granting a motion to file a second § 2255 petition in light of *Johnson*). Neither the Supreme Court nor the Sixth Circuit has yet determined, however, whether a prisoner may use *Johnson* to collaterally attack a career-offender designation under U.S.S.G. § 4B1.1.

### B. Thompson's Prior Convictions

The prior convictions used to qualify Thompson as a career offender were four controlled substance offenses and one violent felony. Thompson's prior convictions were: (1) a 2002 Tennessee conviction for felony evading arrest (Am. PSR ¶ 29); (2) a 2006 Tennessee conviction for possession of a controlled substance with intent to deliver (*id.* ¶ 30); (3) a 2010 Tennessee conviction for possession of a controlled substance with intent to deliver (*id.* ¶ 31); (4) a 2010 Tennessee conviction for manufacture of a controlled substance (*id.* ¶ 32), and (5) a 2010 Tennessee conviction for possession of a controlled substance with intent to deliver (*id.* ¶ 33). Thompson's four controlled substance offenses alone qualify him as a career offender; thus, whether *Johnson* retroactively applies to his conviction for felony evading arrest is immaterial. *See* U.S.S.G. § 4B1.1 (applying the sentencing enhancement to those with three previous convictions for a violent felony or a controlled substance offense, or both).

The motion, together with the files and record in this case "conclusively show[s] that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), § 2255 Rules. The Court therefore finds that a response is not required, and that the motion may be resolved without an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir.), *cert denied*, 479 U.S. 1017 (1986). Because Thompson is not entitled to relief based on *Johnson*, the Court DENIES the § 2255 Motion.

## IV. APPEAL ISSUES

Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b). No § 2255 movant may appeal without this certificate.

The COA must indicate the specific issue(s) which satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citation and internal quotation marks omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). A COA does not require a showing that the appeal will succeed. *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814-15 (6th Cir. 2011). Courts should not issue a COA as a matter of course. *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005).

There can be no question that the issue raised in Thompson's § 2255 Motion is meritless for the reasons previously stated. Because any appeal by Thompson on the issue raised in his § 2255 Motion does not deserve attention, the Court DENIES a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. §§ 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions. *Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the

prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *Id.* at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a) (4)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is DENIED.[2]

**IT IS SO ORDERED**, this 4th day of May, 2016.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE

---

[2] If Thompson files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.